IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| ROSEBUD ENTERTAINMENT, LLC | * | |
| Plaintiff, | * | |
| v. | | Civil Action No.:  1:13-cv-00440 |
| | * | |
| AMERICAN REGISTRY, LLC | * | |
| | * | |
| Defendant. | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ANSWER TO COMPLAINT

Defendant American Registry, LLC ("Defendant"), by and through its undersigned counsel,

answers the Complaint of Plaintiff Rosebud Entertainment, LLC ("Rosebud" or "Plaintiff") as follows:

## The Parties

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 1.

2.      Defendant admits the allegations in the first sentence of paragraph 2.  Defendant denies

the allegations in the second sentence of paragraph 2.  Further answering, Defendant is in the business of

designing, manufacturing, offering, and selling customized plaques and other recognition products to

individuals, businesses, and organizations that have been selected or acknowledged by newspapers,

magazines, and other publications as award winners or as otherwise being prominent, respected, or the

best in their fields.

**Jurisdiction and Venue**

3.      Paragraph 3 states a legal conclusion which requires no response.   To the extent there are any factual allegations in paragraph 3, Defendant denies them.

4.      Defendant denies the allegations in paragraph 4.

5.      Defendant denies the allegations in paragraph 5.

**Factual Background**

**Rosebud's Business**

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.       Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

**Defendant's Business**

14.     Defendant denies the allegations in paragraph 14.   Further answering, Defendant admits that it is in the business of designing, manufacturing, offering, and selling customized plaques and other recognition products to individuals, businesses, and organizations that have been selected or acknowledged by newspapers, magazines, and other publications as award winners or as otherwise being prominent, respected, or the best in their fields.

15.     Defendant denies the allegations in paragraph 15.   Further answering, Defendant admits that the plaques it creates are different products than periodicals and do not compete with periodicals.

16.      Defendant denies the allegations in paragraph 16.   Further answering, Defendant emailed an advertisement that included a "thumbnail" sized image of a "sample" plaque that displayed the cover of the August 2012 issue of Baltimore Magazine with the word "SAMPLE" across it to some of the persons, businesses, or organizations recognized in that issue, soliciting those recipients to purchase a customized plaque.  For the three people who purchased a plaque, Defendant purchased an actual physical copy of the entire 232 page issue of the August 2012 issue of Baltimore Magazine for each plaque then sold to a customer and made an exact digital reproduction of only the one page cover of that August 2012 issue, changing no aspects of the original cover, and transforming the cover into a portion of a plaque.  The only cover of a Baltimore Magazine that Defendant has ever reproduced is that August 2012 cover, and its reproduction was only for the three plaques and the advertisement.

3

17.     Defendant denies the allegations in paragraph 17.

**Defendant's Infringing Activities**

18.     Defendant denies the allegations in the first sentence of paragraph 18 but admits that it

marketed its products to persons recognized in Baltimore Magazine, many of whom may be Maryland

residents.  Defendant denies the allegations in the second sentence of paragraph 18.

19.     Defendant denies the allegations in paragraph 19.

20.     Defendant denies the allegations in paragraph 20.  Further answering, the "thumbnail"

sized image of a "sample" plaque displayed the cover of the August 2012 issue of Baltimore Magazine

with the word "SAMPLE" across it.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 21.

22.     Defendant denies the allegations in paragraph 22.

23.     Defendant denies the allegations in paragraph 23.

24.     Defendant denies the allegations in paragraph 24.

25.     Defendant denies the allegations in paragraph 25.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 26.

27.     Defendant denies the allegations in paragraph 27.

28.     Defendant denies the allegations in paragraph 28.

29.     Defendant denies the allegations in paragraph 29

30.     Defendant denies the allegations in paragraph 30.

## COUNT I:  Copyright Infringement

31.    Defendant repeats and incorporates its previous responses to paragraphs 1 through 30 as if fully set forth herein.

32.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33.    Defendant denies the allegations in paragraph 33.

34.    Defendant denies the allegations in paragraph 34.

35.    Defendant denies the allegations in paragraph 35.

36.    Defendant denies the allegations in paragraph 36.

37.    Defendant denies the allegations in paragraph 37.

38.    Defendant denies the allegations in paragraph 38

## COUNT II:  Trademark and Trade Dress Infringement

39.    Defendant repeats and incorporates its responses to paragraphs 1 through 38 as if fully set forth herein.

40.    Defendant denies the allegations in paragraph 40.

41.    Defendant denies the allegations in paragraph 41.

42.    Defendant denies the allegations in paragraph 42

43.    Defendant denies the allegations in paragraph 43.

44.    Defendant denies the allegations in paragraph 44.

45.    Defendant denies the allegations in paragraph 45.

46.    Defendant denies the allegations in paragraph 46.

47.     Defendant denies the allegations in paragraph 47.

### COUNT III:  Unfair Competition

48.     Defendant repeats and incorporates its responses to paragraphs 1 through 47 as if fully set forth herein.

49.     Defendant denies the allegations in paragraph 49.

### FIRST AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Defendant.  Defendant is a Florida limited liability company with its principal place of business in Florida.  Defendant does not have offices or employees in Maryland.  Defendant does not own any property in Maryland.  Defendant does not regularly transact business in Maryland and does not derive substantial revenue from goods or services used or consumed in Maryland.   Defendant does not have sufficient minimum contacts with Maryland to satisfy Due Process.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring these claims. Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff owns the copyright in the works at issue in this suit.  To the extent Plaintiff does not own the copyright in that one work, Plaintiff lacks standing to sue for infringement of the copyright in that work.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.  Plaintiff has not alleged more than a *de minimus* use of the work at issue.  Defendant did not copy Baltimore Magazine to sell to a broad audience and displace the market for the magazine. Rather, Defendant used the cover page of

6

one issue of Baltimore Magazine incidentally to the creation of Defendant's recognition plaque.  The law will not take notice of incidental uses of copyrighted works.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of First Sale.  Defendant purchased one copy of the Magazine for each of the three plaques that Defendant created and used one cover for each plaque it created, without in any way changing the artistic aspect of the cover.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of Fair Use.  The cover is one page of only 232 in the entire Magazine.  Defendant did not use the cover as part of a periodical, but only by transforming it into part of a plaque.  Plaintiff lost no sales of magazines due to Defendant's conduct.  Defendant's conduct was merely advertising its products and services that do not compete with Plaintiff's magazines.  By creating plaques, Defendant was merely acting as an agent for the customers requesting that Defendant create the plaques.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because on information and belief, Plaintiff is not the owner of the copyright in the cover.  The August 2012 magazine states that the cover was chosen through a contest by which readers selected from among five designs created and submitted by ad agencies and designers.

2652260.3  99692/052855  03/25/2013

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by laches.  For many years Defendant has been, in an open and notorious manner, making plaques for people identified in Plaintiff's magazines.  On information and belief, Plaintiff has known about these activities for a long time and has unduly delayed in taking any action.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by acquiescence.  For many years, Defendant has been, in an open and notorious manner, making plaques for people identified in Plaintiff's magazines.  On information and belief, Plaintiff has known about these activities for a long time and has not taken action to stop Defendant, upon which inaction Defendant has relied.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because there is no likelihood of confusion in light of Defendant's effective disclaimers and marketing language.  Defendant is careful to make clear and conspicuous disclaimers indicating it is not in any way affiliated with Plaintiff.  Exhibit A to Plaintiff's complaint clearly shows those conspicuous and effective disclaimers.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the lack of secondary meaning.  "Baltimore Magazine" is a descriptive term of a magazine focusing on life in Baltimore, Maryland.

2652260.3  99692/052855  03/25/2013

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant's conduct was in good faith and without willful intent at all times.  Defendant has always acted in good faith within the constraints of relevant law and in no way was intending to infringe on Plaintiff's rights.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer any actual or calculable damages or loss of business as a result of Defendant's alleged conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant made, for advertising purposes, the thumbnail-sized reproduction of plaques containing a Baltimore Magazine cover identified in Defendant's answer to paragraph 16 of Plaintiff's complaint.  Pursuant to 17 U.S.C. § 113(c), the copyright in that Baltimore Magazine cover is not infringed by such reproduction.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has threatened or brought litigation in multiple cases against persons and entities in the business of selling plaques and other recognition products.  Plaintiff has done so to close the secondary market for products in any way related to Baltimore Magazine and/or to monopolize the market for recognition products connected with Baltimore Magazine and/or other publications.  Plaintiff's actions are in restraint of trade and constitute copyright misuse.

2652260.3  99692/052855  03/25/2013

For these reasons, Defendant asks this Court to enter judgment in its favor on all claims, together with its costs and reasonable attorneys' fees, and to enter such other relief as may be just or necessary.

March 25, 2013                                    Respectfully submitted,

                                            _____/s/_____
                                            Catherine A. Bledsoe  (Bar No. 11376)
                                            Ned T. Himmelrich (Bar No. 11407)
                                            Gordon, Feinblatt, LLC
                                            233 East Redwood Street
                                            Baltimore, Maryland  21202
                                            Tel:  410/576-4198
                                            Fax:  410/576-4269
                                            cbledsoe@gfrlaw.com
                                            nhimmelrich@gfrlaw.com
                                            Attorneys for Defendant

2652260.3  99692/052855  03/25/2013

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 25th day of March, 2013, a copy of the foregoing Answer to Complaint was filed electronically in this case and was duly served upon counsel of record by operation of the Court's ECF system.

_____/s/_____
Catherine A. Bledsoe

11

2652260.3  99692/052855  03/25/2013